PEOPLE *v.* MITCHELL

1. ROBBERY—UNARMED ROBBERY—ELEMENTS—STEALING FROM THE
PERSON OF ANOTHER—COMMON PLAN.
   The element of "stealing from the person of another" in the
   crime of unarmed robbery can be established by proof of the
   defendant's participation in a common plan even though he
   does not possess the stolen property (MCLA § 750.530).

2. ROBBERY—UNARMED ROBBERY—EVIDENCE—SUFFICIENCY.
   A conviction of unarmed robbery is supportable where the evi-
   dence establishes the defendant's participation with others in
   a common plan to beat and rob the complaining witness, where
   the defendant was apprehended in the act of beating the wit-
   ness and the witness, upon regaining consciousness, found that
   some of his money was gone, even though none of his money
   was found on defendant's person and no one could testify that
   defendant himself had actually taken the money (MCLA § 750-
   .530).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 February 9, 1971,
at Detroit. (Docket No. 10167.) Decided March 29,
1971. Leave to appeal denied, 385 Mich 772.

Arthur Mitchell was convicted of unarmed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur, Robbery § 7.
[2] 46 Am Jur, Robbery § 14 *et seq.*

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant.

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

Holbrook, J. The complaining witness was beaten and robbed by defendant and three others in the City of Detroit. Complainant, a resident of Windsor, was walking towards the bus stop to catch a return bus when four men crossed the street to approach him, and was grabbed by defendant. Defendant and the three others then forced him into an alley where they beat him into a state of unconsciousness. The owner of a nearby hotel heard complainant's cries for help, grabbed a gun he kept in his desk, and ran to the scene of the crime. On the way he noticed three men emerging from the alley, and when he got to the scene, he found defendant still engaged in beating the complainant. He grabbed defendant by the back of the neck, forced him up against the wall and frisked him. At that time complainant came to and noticed that some money was missing. He had been unconscious at the time it was taken and did not know that the defendant had committed the robbery. During this search of defendant by the owner of the nearby hotel, no weapon or any of the stolen money was found on defendant's person. The police were then called.

When the police arrived they found the defendant being held at gun point against the wall by the hotel manager, and at this point the complainant was still on the ground. The complainant then told

the arresting officer that he had been beaten and robbed of some $7.

Defendant was charged with and convicted of the crime of unarmed robbery. MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). The trial was without a jury, and the above events were testified to by complainant, the hotel manager, and the arresting officer. The only witness on defendant's behalf was himself. The trial judge specifically stated that he disbelieved the defendant's testimony as being inconsistent with that of the other witnesses and as being "highly unlikely".

On appeal defendant asserts that there was insufficient evidence as a matter of law to sustain his conviction of unarmed robbery, because no one could testify that he himself had actually taken the money. He relies on *People* v. *Gadson* (1957), 348 Mich 307, but that case is distinguishable on its facts as the evidence there was much less compelling and was insufficient to prove that the robbery was accomplished by "stealing from the person of another". The next case relied on is *People* v. *Morrow* (1970), 21 Mich App 603. The conviction there was reversed as based on insufficient evidence chiefly because there was no showing that defendant was a participant in an unlawful enterprise, nor did anything suggest the existence of any common plan to commit larceny. There was nothing from which an inference of larcenous intent might have been drawn. That is markedly different from the instant situation where it was apparent that the four men planned to, and did, beat and rob the complaining witness. This is the prototype of a "common plan".

Affirmed.

All concurred.