PEOPLE v LeFLORE

Docket Nos. 43655, 44467. Submitted February 14, 1980, at Detroit.—
Decided April 2, 1980. Leave to appeal applied for.

Frank LeFlore and Joseph LeFlore were convicted of unarmed
robbery and Joseph was also convicted of assault with intent to
commit murder, Recorder's Court of Detroit, Robert P. Van-
Wiemeersch, J. The complaining witness, Warner Scott, testi-
fied that she and her sister-in-law were verbally abused by the
defendants both on the street and in a store. At the store she
purchased groceries and put some money into her brassiere.
After the women exited from the store they were attacked by
the LeFlores, her blouse was torn open and the money fell out.
One of the defendants picked up the fallen money and the
struggle continued. The encounter ended with Joseph attempt-
ing to run over complainant with his car. Defendants appeal.
The appeals were consolidated by order of the Court of Appeals.
On appeal, defendants allege that insufficient evidence was
presented to and recognized by the trial court, acting without a
jury, to establish an unarmed robbery. Joseph LeFlore also
contends that it was error not to produce an alleged res gestae
witness at trial. *Held:*

1. Defendants argue that the evidence shows no more than
larceny from the person since the taking of complainant's
money could only have occurred as an afterthought during the
scuffle. Armed and unarmed robbery statutes require that a
forceful act must be used to accomplish a taking and unless
there is a purposeful relationship between the forceful act and
the taking the criminal episode is merely two isolated crimes,
larceny and perhaps assault and battery. From the record on
appeal, it is impossible to determine if adequate evidence was
presented to support the unarmed robbery convictions. There-
fore, it is necessary to remand to the trial court for more

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 67 Am Jur 2d, Robbery § 2.
[2] 67 Am Jur 2d, Robbery §§ 11, 26.
[3, 4] 67 Am Jur 2d, Robbery §§ 20, 26.
[5] 81 Am Jur 2d, Witnesses §§ 75, 76.
[6] 41 Am Jur 2d, Indictments and Information § 60.

specific findings of fact on whether defendants intended to force complainant to part with her money by assaulting her prior to or at the time of taking, or whether, following the taking, force was purposefully inflicted to insure complainant's loss of possession. In either case, unarmed robbery would be established. If, however, the violence was perpetrated upon complainant with no larcenous intent and the intent to steal only occurred at the time of taking, only larceny from the person would be proved.

2. A defendant's failure to move for a hearing during trial or for a new trial will generally preclude appellate review of the issue of nonproduction of a res gestae witness, unless, absent review, manifest injustice would result. The trial transcript reveals that a meat clerk was present at the time of the altercation in the store. His unbiased testimony could have an illuminative effect on disputed trial testimony. Therefore, remand is necessary because manifest injustice could result if this witness is not heard.

3. Joseph LeFlore's claim of ineffective assistance of counsel is without merit.

Remanded for further proceedings.

1. ROBBERY — UNARMED ROBBERY — FORCE — LARCENY FROM THE PERSON.

The element of force distinguishes the offense of unarmed robbery from that of larceny from the person.

2. ROBBERY — ASSAULT — TAKING — INTENT — INFERENCES.

The general rule is that an assault must be concomitant with the taking in order to support a charge of robbery; the intent to rob may readily be inferred where the assault and taking are contemporaneous.

3. ROBBERY — ARMED ROBBERY — UNARMED ROBBERY — FORCEFUL ACT — TAKING — LARCENY — ASSAULT AND BATTERY.

Armed and unarmed robbery statutes are clear that a forceful act must be used to accomplish a taking; unless there is a purposeful relationship between the forceful act and the taking the criminal episode is merely two isolated crimes, larceny and perhaps assault and battery.

4. ROBBERY — LARCENY — FORCEFUL ACT — TAKING — INTENT — CONTINUITY OF INTENT.

Larcenous transactions should be reviewed in their totality to determine if there is a continuity of intent between a forceful act and a taking; if there is a continuity of intent, a robbery

conviction is possible, and if there is not a continuity of intent, there may merely be a larceny from the person.

5. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — DEFINITION.

A res gestae witness is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense.

6. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — INDORSEMENT AND PRODUCTION — PRESERVING ISSUE — MANIFEST INJUSTICE — APPEAL.

A prosecutor has an affirmative duty to indorse all res gestae witnesses on the information and to produce them at trial, and if he does not comply, it is a defendant's responsibility to move for a hearing during trial or for a new trial prior to seeking appellate review; failure to move for a hearing or a new trial will normally preclude consideration of this issue on appeal, unless, absent review, manifest injustice would result.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for Frank LeFlore.

*Culpepper, Slomski & Sorise,* for Joseph LeFlore.

Before: BRONSON, P.J., and BEASLEY and D. C. RILEY, JJ.

D. C. RILEY, J. In these consolidated appeals, defendants Frank LeFlore and Joseph LeFlore were charged with unarmed robbery, MCL 750.530; MSA 28.798. Joseph LeFlore was also charged with assault with intent to commit murder, MCL 750.83; MSA 28.278. Following a bench trial, defendants were found guilty as charged. Defendant Frank LeFlore was sentenced to 7 to 15

years imprisonment. Defendant Joseph LeFlore was sentenced to 10 to 15 years for unarmed robbery and to life imprisonment for the assault. Both now appeal as of right.

Complainant testified that she and her sister-in-law were verbally abused by the defendants, both on the street and in a store. After buying some groceries at the store she put her money into her brassiere and began walking home with her sister-in-law. According to complainant and her sister-in-law, the two men then began kicking and hitting complainant and then tore open her blouse so that her money fell out. One of the two defendants picked up the fallen money and the struggle continued. The encounter ended with Joseph LeFlore attempting to run over complainant with his car, resulting in injuries to complainant's arm. Defendant Frank LeFlore testified and denied this version of the incident.

Both defendants assert that insufficient evidence was presented to and recognized by the trial court to establish the unarmed robbery. They argue that the evidence shows no more than larceny from the person, MCL 750.357; MSA 28.589, since the taking of complainant's money could only have occurred as an afterthought during the scuffle.

The statute of unarmed robbery provides:

"Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than fifteen (15) years." MCL 750.530; MSA 28.798.

It is the element of force[1] that distinguishes this offense from that of larceny from the person. *People v Chamblis,* 395 Mich 408, 424; 236 NW2d 473 (1975), *People v Tolliver,* 46 Mich App 34, 37; 207 NW2d 458 (1973). Defendants maintain that the crimes are further distinguished by the requirement that in robbery, larcenous intent must exist *at the time of the forceful act,* rather than merely at the time of the taking.

There is support for defendant's position in *Chamblis, supra.* There defendant was charged with armed robbery, MCL 750.529; MSA 28.797, based on his cohort's knocking the complainant unconscious and then taking his money. He was found guilty of larceny from the person, a conviction upheld by the Supreme Court which said:

"In light of the evidence adduced at trial, the jury could have believed defendant's story that he was reluctant to return to the house and intended to rob no one, and that the initial pistol crack across complainant's head by the brother was in retribution for the earlier cane beating defendant had suffered. They could have believed the complainant became unconscious and the men *only then* decided to take his money. If the money were taken from the complainant under those circumstances, the offense would be larceny from the person." (Emphasis added.) *Chamblis, supra* at 425.

Normally, the assault and the taking are concomitant, so that intent may readily be inferred. *People v Beebe,* 70 Mich App 154, 158; 245 NW2d 547 (1976), *People v Herbert Sanders,* 28 Mich App 274, 276; 184 NW2d 269 (1970). However, the violent act may only *follow* the taking, or perhaps even *extensively precede* it. Our Court has recog-

---

[1] Force, violence and assault will be used interchangeably in this opinion (since all are acceptable under the unarmed robbery statute) to refer to the distinguishing element of robbery.

nized that the assault may follow the taking if that force is used to completely sever the victim's possession. *Beebe, supra.* Implicit in this recognition is the requirement that the defendant intend at the time of the assault to preserve his possession of the stolen goods; his larcenous intent must be constant. The larceny transaction should be viewed as a whole to determine the defendant's intent. *Sanders, supra.*

We believe that this "transaction approach" is appropriate for analyzing any larceny, particularly robbery, where the forceful act may greatly precurse or lag behind the taking. Both the armed and unarmed robbery statutes are clear that the forceful act must be *used to accomplish* the taking. See MCL 750.529; MSA 28.797, MCL 750.530; MSA 28.798, *People v Gould,* 15 Mich App 83; 166 NW2d 530 (1968). Unless there is a purposeful relationship between these two elements, the criminal episode is merely two isolated crimes of larceny and perhaps assault and battery. LaFave & Scott, Criminal Law, § 94, pp 701-702. See *Chamblis, supra* at 425. The entire larcenous transaction should be reviewed to determine if there is a continuity of intent between the forceful act and the taking (or vice versa). If so, a robbery conviction is possible. See *People v Mitchell,* 32 Mich App 155; 188 NW2d 163 (1971). If not, there may merely be larceny from the person. *Chamblis, supra.*

In the instant case, there are insufficient factual findings as to the defendants' intent, so it is impossible to determine if adequate evidence was presented to support the unarmed robbery convictions. It is necessary then to remand to the trial court for more specific findings of fact on whether defendants intended to force complainant to part

with her money by assaulting her prior to or at the time of taking, or whether, following the taking, force was purposefully inflicted to ensure complainant's loss of possession. In either case, unarmed robbery would be established. If however, the violence was perpetrated upon complainant with no larcenous intent and the intent to steal only occurred at the time of the taking, only larceny from the person and assault would be proven. *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973).

Defendant Joseph LeFlore further contends that it was error not to produce an alleged res gestae witness at trial. The missing witness was a meat clerk in the store in which the alleged verbal confrontation took place, which later erupted into the on-the-street assault.

A res gestae witness is one "who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense". *People v Hadley,* 67 Mich App 688, 690; 242 NW2d 32 (1976). It is well established that the prosecution has an affirmative duty to endorse all such witnesses on the information and to produce them at trial. MCL 767.40; MSA 28.980, *People v Abdo,* 81 Mich App 635, 642-643; 265 NW2d 779 (1978), *People v Hammack,* 63 Mich App 87; 234 NW2d 415 (1975). However, if the prosecutor does not comply, it is the defendant's responsibility to move for a hearing during trial, or for a new trial, prior to seeking appellate review. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). The failure to move for either will normally foreclose this issue on appeal, *People v Pearson,* 404 Mich 698, 722; 273 NW2d 856 (1979), unless, absent

review, manifest injustice will result. *People v Phillips,* 75 Mich App 690, 694; 255 NW2d 733 (1977).

In the instant case, defendant never moved for a hearing on the issue of the clerk's endorsement or production during or following trial. However, we believe this should not bar review since manifest injustice will result if this issue is not resolved. The lower court transcript reveals that the meat clerk was present at the time the altercation in the store occurred. Since there is a vast discrepancy between defendant's version of what happened and the account given by complainant and her sister-in-law, the unbiased testimony of the meat clerk witness might have had an illuminative effect. On remand, the trial court should inquire into this issue according to the dictates of *Pearson, supra,* determining if the clerk was a res gestae witness, whether the prosecution adequately attempted to produce him and if defendant was prejudiced by the prosecution's failure to produce the witness at trial. *Pearson, supra* at 722-723.

Defendant Joseph LeFlore's final contention regarding ineffective assistance of counsel is without merit. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

Remanded for proceedings consistent with this opinion.