PEOPLE v JOSEPH LeFLORE (AFTER REMAND)

PEOPLE v FRANK LeFLORE (AFTER REMAND)

Docket Nos. 43655, 44467. Submitted August 10, 1982, at Lansing.—Decided January 10, 1983.

Frank LeFlore and Joseph LeFlore were convicted of unarmed robbery and Joseph was also convicted of assault with intent to commit murder, Recorder's Court of Detroit, Robert P. Van Wiemeersch, J. The defendants appealed and the Court of Appeals consolidated the appeals and remanded the case to the trial court to inquire into the allegation of a missing res gestae witness and to make specific findings of fact as to whether the defendants possessed a larcenous intent at the time of the assault, *People v LeFlore,* 96 Mich App 557; 273 NW2d 856 (1980). On remand, the trial court found that the defendants did possess a larcenous intent at the time that they assaulted the complainant and that the witness in question was a res gestae witness, the prosecution exercised due diligence in its effort to locate and subpoena the witness and that the witness's testimony would have been cumulative. The trial court further found that a "meat clerk" at the store where the incident occurred was not a res gestae witness and that no prejudice to the defendants could possibly have resulted from the failure to produce him at the trial. The defendants appeal alleging that (1) the prosecutor failed to produce the meat clerk at the trial and it must be presumed that they were prejudiced by the prosecution's failure to produce that witness, (2) the prosecution's failure to produce the res gestae witness mentioned in

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 29 Am Jur 2d, Evidence § 708.
   81 Am Jur 2d, Witnesses § 2.
[2] 5 Am Jur 2d, Appeal and Error § 808.
   41 Am Jur 2d, Indictments and Informations § 60.
[3] 5 Am Jur 2d, Appeal and Error §§ 772, 774.
[3, 4] 75 Am Jur 2d, Trial § 376.
[5] 5 Am Jur 2d, Appeal and Error §§ 822, 839, 898.
[6] 4 Am Jur 2d, Appeal and Error § 59.
   5 Am Jur 2d, Appeal and Error § 974.

the previous appeal necessitates reversal, and (3) the trial court's finding that they possessed a larcenous intent at the time of the assault was clearly erroneous. *Held:*

1. The defendants suffered no prejudice as a result of the prosecution's failure to endorse the name of the meat clerk on the information or produce him at the trial. The prosecution had established that the testimony of the meat clerk would have been of no assistance to the defendants. The defendants' convictions need not be reversed on that basis.

2. The trial court did not abuse its discretion in determining that the prosecution exercised due diligence in attempting to locate the res gestae witness mentioned in the previous appeal to the Court of Appeals.

3. The trial court's finding that the defendants possessed a larcenous intent at the time of the assault was not clearly erroneous.

4. The issues raised by defendant Joseph LeFlore for the first time on appeal following the remand to the trial court are outside of the Court of Appeals order of remand and are not properly before the Court of Appeals.

Affirmed.

1. WITNESSES — RES GESTAE WITNESSES.

A res gestae witness to a crime is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged offense.

2. CRIMINAL LAW — RES GESTAE WITNESSES.

A defendant's conviction need not be reversed on appeal on the basis of the prosecuting attorney's failure to endorse an alleged res gestae witness's name on the information or produce the witness at the trial where the prosecution had established that the testimony of the alleged res gestae witness would have been of no assistance to the defendant; the absence of said testimony constitutes harmless error.

3. CRIMINAL LAW — RES GESTAE WITNESSES.

The prosecution may be excused from its obligation to produce a res gestae witness upon a showing of due diligence in the search for such witness; the question of due diligence is a matter within the discretion of the trial court and should be overturned on appeal only where a clear abuse of discretion is shown.

4. WORDS AND PHRASES — "DUE DILIGENCE".

    "Due diligence" is defined as doing everything reasonable, not everything possible.

5. APPEAL — FINDINGS OF FACT — TRIAL COURTS.

    A trial court's findings of fact should not be set aside unless they are found to be clearly erroneous; a finding is clearly erroneous where the reviewing court, on the entire record, is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

6. CRIMINAL LAW — APPEAL.

    Proceedings in criminal cases on remand by the Court of Appeals to the trial court for an evidentiary hearing may be appealed to the Court of Appeals as of right, limited by the scope of the remand; issues raised for the first time on appeal following remand to the trial court and outside of the scope of the order of remand are not properly before the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner* (by *Norman R. Robiner),* for Joseph LeFlore.

State Appellate Defender (by *Stuart B. Lev),* for Frank LeFlore.

### AFTER REMAND

Before: BRONSON, P.J., and BEASLEY and D. C. RILEY, JJ.

D. C. RILEY, J. On November 29, 1978, following a bench trial in Detroit Recorder's Court, defendants Frank and Joseph LeFlore were convicted of unarmed robbery. Defendant Joseph LeFlore was also convicted of assault with intent to murder. Defendant Frank LeFlore was sentenced to from 7

to 15 years in prison and Joseph LeFlore was sentenced to from 10 to 15 years in prison for the unarmed robbery conviction and to life in prison for the assault with intent to murder conviction. Defendants appealed as of right and on April 2, 1980, this Court remanded the case to the trial court to inquire into the allegation of missing res gestae witnesses pursuant to the procedure set forth in *People v Pearson,* 404 Mich 698, 722-723; 273 NW2d 856 (1979). See *People v LeFlore,* 96 Mich App 557; 293 NW2d 628 (1980). Additionally, the trial court was directed to make specific findings of fact as to whether defendants possessed a larcenous intent at the time of the assault as required by *People v Chamblis,* 395 Mich 408, 424; 236 NW2d 473 (1975). *LeFlore, supra.*

Accordingly, the trial court made specific findings of fact with regard to the issue of defendants' intent and concluded that defendants did in fact possess a larcenous intent at the time that they assaulted the complainant. The trial court also conducted a *Robinson* hearing *(People v Robinson,* 390 Mich 629; 213 NW2d 106 [1973]) on the issue of the allegedly missing res gestae witnesses and, after taking testimony, the court concluded that although one Oliver White was a res gestae witness, the prosecution exercised due diligence in its efforts to locate and subpoena him. The court also found that White's testimony would have been cumulative.

At the *Robinson* hearing, it was discovered that a "meat clerk" at the store where the incident began may have been a res gestae witness. The owner of the store testified that the meat clerk was probably his brother-in-law. The trial court recessed the evidentiary hearing for several days

in order to bring the meat clerk to the court to
testify. The meat clerk testified that he had no
recollection of whether he had worked on the day
of the incident, no recollection of the incident, did
not see a fight and was never questioned by the
police. From that testimony, the court concluded
that the meat clerk was not a res gestae witness
and that no prejudice to the defendants could
possibly have resulted from the failure to produce
him at the trial.

Defendants now continue their appeals after
completion of the remand ordered by this Court,
raising several issues for our consideration.

First, defendants herein claim that the prose-
cutor failed to produce the individual who was the
meat clerk on the day of the incident and that
under the rule of *People v Pearson, supra,* it must
be presumed that defendants were prejudiced by
the prosecution's failure to produce that witness.

A res gestae witness has been defined as "an
eyewitness to some event in the continuum of a
criminal transaction and whose testimony will aid
in developing a full disclosure of the facts sur-
rounding the alleged commission of the charged
offense". *People v Hadley,* 67 Mich App 688, 690;
242 NW2d 32 (1976).

Assuming, without deciding, that the clerk was
a res gestae witness, it is clear that defendants
suffered no prejudice as a result of the prosecu-
tion's failure to endorse his name on the informa-
tion or produce him at the trial. The testimony
taken at the *Robinson* hearing revealed that, at
best, the meat clerk may have witnessed certain
events which occurred inside the store. It is clear

that the meat clerk would have been unable to witness the actual crimes because they occurred in a parking lot across the street from the store. Here, the prosecution established that the testimony of the meat clerk would have been of no assistance to the defendants. Thus, the absence of said testimony constituted harmless error; therefore, defendants' convictions need not be reversed on that basis. *People v Pearson, supra,* pp 725-726.

Similarly, we reject defendants' contentions that the prosecution's failure to endorse or produce Oliver White necessitates reversal. The trial court found that due diligence had been shown with respect to this witness. Such a finding will not be reversed absent a clear abuse of discretion. *People v Bersine,* 48 Mich App 295, 302; 210 NW2d 501 (1973). A police officer's attempts to locate Mr. White included several visits to both his place of employment and his home address, only to discover that no one named Oliver White was at either address. Due diligence is defined as doing everything reasonable, not everything possible, *People v Moreno,* 112 Mich App 631; 317 NW2d 201 (1981). Based upon those facts, we find no abuse of the trial court's discretion in determining that the prosecution exercised due diligence.

Further, we reject defendants' contentions that the trial court's finding that they possessed a larcenous intent at the time of the assault was clearly erroneous. Findings of fact are clearly erroneous where the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *William C Reichenbach Co v State of Michigan,* 94 Mich App 323; 288 NW2d 622 (1979). With respect to this issue, the trial court made specific findings of

fact and concluded that the defendants committed an assault upon the complainant with the intent to take her money. Based upon a review of the record, we are not left with the conviction that a mistake has been committed.

Finally, we note that defendant Joseph LeFlore has raised several issues for the first time on appeal in his brief after remand. Inasmuch as these issues are outside the scope of our order of remand, they are not properly before this Court. *People v Jones,* 394 Mich 434; 231 NW2d 649 (1975).

Affirmed.