PEOPLE v JONES

Docket No. 74123. Submitted May 9, 1985, at Grand Rapids.—Decided July 1, 1985.

Kelvin D. Jones was convicted of armed robbery and separate counts of first- and second-degree criminal sexual conduct, Recorder's Court of Detroit, Leonard Townsend, J. Defendant appealed. *Held:*

1. Defendant's argument that the evidence was insufficient to support convictions of first- and second-degree criminal sexual conduct based on the commission of a robbery is without merit. Conviction of criminal sexual conduct committed under circumstances involving the commission of any other felony does not require a continuity of intent between the criminal sexual conduct and the other felony. In this case, the criminal sexual conduct and the robbery both occurred in the continuum of the criminal episode, and conviction of first- and second-degree criminal sexual conduct was proper.

2. Conviction of both armed robbery and criminal sexual conduct did not violate the constitutional protection against double jeopardy.

3. Testimony of a third party regarding the victim's identification of the defendant was inadmissible hearsay. Admission of the testimony was harmless, however, because both the victim and the third party were subject to cross-examination and other evidence made the question of defendant's identity only remotely relevant.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Rape §§ 2-14.

Sufficiency of allegations or evidence of serious bodily injury to support charge of aggravated degree of rape, sodomy, or other sexual abuse. 25 ALR4th 1213.

[2] Am Jur 2d, Criminal Law §§ 266-284.

See the annotations in the ALR3d/4th Quick Index under Former Jeopardy.

[3] Am Jur 2d, Evidence §§ 493, 496.

See the annotations in the ALR3d/4th Quick Index under Identity or Identification.

1. RAPE — CRIMINAL SEXUAL CONDUCT INVOLVING OTHER FELONY — INTENT.

Only two elements exist under the statutes proscribing criminal sexual conduct involving the commission of another felony: (1) sexual penetration or sexual contact, and (2) that such occur under circumstances involving the commission of any other felony; there is no requirement for a finding of a continuity of intent between the criminal sexual conduct and the other felony (MCL 750.520b[1][c], 750.520c[1][c]; MSA 28.788[2][1][c], 28.788[3][1][c]).

2. CRIMINAL LAW — DOUBLE JEOPARDY.

A defendant's conviction of both armed robbery and criminal sexual conduct arising from the same criminal episode, does not violate the constitutional protection against double jeopardy.

3. CRIMINAL LAW — EVIDENCE — IDENTIFICATION OF DEFENDANT — THIRD PARTY TESTIMONY.

Testimony of a third party as to a crime victim's identification of the defendant is inadmissible hearsay, but admission of such testimony does not require reversal where both the victim and the third party were subject to cross-examination and the other evidence rendered the question of identification only remotely relevant (MRE 801[d][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: SHEPHERD, P.J., and R. M. MAHER and W. R. PETERSON,* JJ.

W. R. PETERSON, J. Defendant appeals from his jury convictions of armed robbery, MCL 750.529; MSA 28.797, and of separate counts of criminal sexual conduct in the first and second degree for acts charged as having occurred under circum-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stances involving the commission of another fel-
ony, MCL 750.520b(1)(c) and MCL 750.520c(1)(c);
MSA 28.788(2)(1)(c) and MSA 28.788(3)(1)(c) respec-
tively.

Defendant's victim was about to enter a car
which she had borrowed from a friend when she
was accosted by defendant who was carrying a
stick. He told her that if she did what he said, he
wouldn't hurt her. She dropped her purse which
defendant picked up. He directed her to a vacant
lot where he ordered her to participate in sexual
acts, following which he refused her request to
return her purse. While the victim was unable to
recall precisely when it had happened, defendant
at some point took the car keys from her hand and
he left the scene of the crime in the car.[1] Defen-
dant argues that the evidence was insufficient as a
matter of law to sustain convictions for sexual acts
defined as being in the first and second degree by
reason of having occurred under circumstances
involving the commission of another felony. Defen-
dant argues that here the act of robbery was
independent of the completed sexual acts, rather
than a part of or prelude to the sexual acts. He
asserts that the robbery did not occur until after
the sexual acts had been completed because that is
when he left the victim and permanently deprived
her of her purse. He cites, by analogy, *People v
LeFlore,* 96 Mich App 557; 293 NW2d 628 (1980),
where the Court was concerned with whether the
facts therein showed an unarmed robbery or only
separate offenses of assault and larceny.

*LeFlore,* however, was concerned with a continu-
ity of intent between a forceful act and a larce-
nous taking of property, an element which is not

---

[1] Defendant testified to a different version of events which is not
pertinent to the issues he raises, and which was obviously not be-
lieved by the jury.

required for "other-felony" criminal sexual conduct under the pertinent portions of 1974 PA 266. Only two elements exist under either § 520b(1)(c) (CSC I), or § 520c(1)(c) (CSC II): (1) either sexual penetration (CSC I) or sexual contact (CSC II), and (2) that such "occurs under circumstances involving the commission of any other felony". Even if we were to accept the argument that the statutory language must be construed to punish sexual acts occurring "during" the commission of any other felony, which we do not, defendant's own argument tacitly acknowledges the continuum of the armed robbery in focusing on the final act of defendant in leaving with his victim's purse after the sexual acts while ignoring the events preceding the sexual acts which included his taking possession of the purse while armed with the stick. The Legislature, however, did not attempt to narrowly define the coincidence or sequence of the sexual act and the other felony; rather it chose to address the increased risks to, and the debasing indignities inflicted upon, victims by the combination of sexual offenses and other felonies by treating the sexual acts as major offenses when they occur "under circumstances involving the commission of any other felony".

Defendant's contention that his convictions for armed robbery and criminal sexual conduct violate his constitutional protection against double jeopardy is answered by *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984).

His final claim, that error occurred when a third party testified as to the victim's identification at a lineup, is true but the error is harmless. Such testimony is inadmissible hearsay and is not rendered admissible under MRE 801(d)(1). See *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978). Here the third party and the victim were witnesses and

subject to cross-examination, as in *Sanford*. More-over, other evidence, including defendant's confes-sion and his own testimony, makes the question of identification only remotely relevant. Beyond a reasonable doubt, the error was harmless.

Affirmed.