PEOPLE v HOOPER

Docket No. 83257. Submitted February 4, 1986, at Detroit. Decided
June 2, 1986. Leave to appeal denied, 426 Mich 867.

Defendant, Stanley Hooper, was convicted following a jury trial
in the Recorder's Court for the City of Detroit of intentionally
aiming a firearm without malice, discharge of a firearm with-
out malice causing injury, felonious assault, and possession of a
firearm during the commission of a felony. The trial court,
Beverley Anne Jasper, J., sentenced defendant to prison terms
of ninety days for Count ı; nine months for Count ıı; from
thirty to forty-eight months for Count ııı; and two years for
Count ıv. Defendant appeals alleging a violation of the double
jeopardy clause. *Held:*

1. The shots fired by defendant at Wade Begley constituted
only one assault when viewed under the "same transaction"
test; there was division by neither time nor circumstances
between the shots. The division of the single, continuing trans-
action into separate counts was improper and violative of the
double jeopardy clause.

2. Because the crime underlying Count ııı, felonious assault,
was an integral part of the assault charged in Count ıı, dis-
charging a firearm without malice causing injury, defendant's
conviction under Count ııı is reversed and that part of his
sentence is vacated.

3. The jury was properly instructed regarding the use of
deadly force in self-defense.

4. Defendant's felony-firearm conviction need not be reversed.
Even though the felonious assault conviction is being reversed,
there are still two remaining charges on which the felony-
firearm conviction can rest.

Affirmed in part and reversed in part.

REFERENCES

Am Jur 2d, Criminal Law §§ 28-30, 51, 165-217, 270, 473-483.

Conviction or acquittal in federal court as bar to prosecution in
state court for state offense based on same facts—modern view. 6
ALR4th 802.

See also the annotations in the ALR3d/4th Quick Index under
Weapons.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

   The double jeopardy clause prohibits the imposition of multiple punishments for the same offense (Const 1963, art 1, § 15).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION TEST.

   The "same transaction" test, which requires the prosecution, except in most limited circumstances, to join at one trial all of the charges against a defendant that grew out of a single criminal act, occurrence, episode, or transaction, requires a determination of whether the crimes were committed in a continuous time sequence and display a single intent and goal; the division of a single, continuing transaction into separate counts is improper and violative of the double jeopardy clause (Const 1963, art 1, § 15).

3. CRIMINAL LAW — JURY INSTRUCTIONS — SELF-DEFENSE — DEADLY FORCE.

   A trial court properly instructs the jury that deadly force may be used in self-defense only if the defendant honestly believes that he is in danger of being killed or of receiving serious bodily harm in an action where the defendant was originally charged with three counts of assault with intent to murder and the facts indicate that a firearm was used (CJI 7:9:01).

4. CRIMINAL LAW — FELONY-FIREARM — UNDERLYING FELONY.

   A defendant charged with possession of a firearm during the commission of a felony and an underlying felony need not be convicted of the underlying felony in order that a conviction on the felony-firearm charge may stand (MCL 750.227b; MSA 28.424[2]).

5. CRIMINAL LAW — JURY — VERDICTS.

   Juries are not required to render consistent verdicts, especially when there is a multi-count indictment; appellate courts do not share the same freedom.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil And Appeals, and *Jan J. Raven,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BEASLEY, P.J., and GRIBBS and M. H. CHERRY,* JJ.

M. H. CHERRY, J. Defendant was convicted of intentionally aiming a firearm without malice, MCL 750.233; MSA 28.430, discharge of a firearm without malice causing injury, MCL 750.235; MSA 28.432, felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to prison terms of ninety days for Count I; nine months for Count II; from thirty-two to forty-eight months for Count III; and two years for Count IV. He now appeals as of right.

The charges stemmed from an incident that took place at Blake's Bar in Detroit. Defendant first pointed and attempted to fire a gun at the bar owner, Jimmy Sloan. The gun failed to discharge. A few minutes later, outside the bar, defendent shot Wade Begley in the leg. Defendant attempted to shoot Begley two more times, but once again the gun failed to discharge.

Defendant originally was charged with three counts of assault with intent to murder and felony-firearm. The first count referred to the pointing and attempted firing of the gun inside the bar; the second count involved the actual shooting of Wade Begley outside the bar; and the third count pertained to the attempted firing of the gun at Begley after Begley was already injured. Defendant claims that Counts II and III arose from the same transaction and that charging him twice was violative of the double jeopardy clause. We agree.

The double jeopardy clause prohibits the imposition of multiple punishments for the same offense. *People v Stewart,* 138 Mich App 629, 633; 361 NW2d 16 (1984). The present case involves prose-

* Circuit judge, sitting on the Court of Appeals by assignment.

cutions which are governed by the "same transaction" test as adopted in *People v White,* 390 Mich 245; 212 NW2d 222 (1973). Accordingly, we must determine whether the crimes "were committed in a continuous time sequence and display a single intent and goal." *Id.,* p 259.

Using the above test, defendant's claim that he has been subjected to double jeopardy has merit. Wade Begley testified that he and defendant struggled and defendant broke free and shot him. After Begley fell to the ground, defendant stepped back and attempted to fire the gun two more times. We find that this constituted only one assault; there was division neither by time nor circumstance. The division of the single, continuing transaction into separate counts was improper and violative of the double jeopardy clause. "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Brown v Ohio,* 432 US 161, 169; 97 S Ct 2221; 53 L Ed 2d 187 (1977).

While normally this state's policy of concurrent sentencing would minimize the effects of the violation, the jury verdict rendered had the opposite effect. Defendant was convicted of the lesser included offenses of discharging a firearm without malice causing injury on Count II and felonious assault on Count III. Because the crime underlying Count III was an integral part of the assault charged in Count II, defendant's conviction under Count III is reversed and that part of his sentence is vacated.

Defendant next objects to that portion of the jury instruction dealing with self-defense. The jury was given CJI 7:9:01, which states that deadly force may be used only if the defendant honestly believes that he is in danger of being killed or of

receiving serious bodily harm. Defendant apparently believes that the jury should have been instructed on the use of nondeadly force. However, given that defendant originally was charged with three counts of assault with intent to murder and that a firearm was used, the instruction given was correct.

Lastly, defendant contends that his felony-firearm conviction must be reversed if his felonious assault conviction is reversed since there is no underlying felony to support the felony-firearm charge. We disagree. In *People v Lewis,* 415 Mich 443, 455; 330 NW2d 16 (1982), our Supreme court held that a defendant charged with felony-firearm and an underlying felony need not be convicted of the underlying felony in order that a conviction on the felony-firearm charge may stand. In *Lewis,* the jury acquitted the defendant of the underlying felony but convicted him of felony-firearm. The court reasoned that the verdict was the result of leniency or compromise. *Id.,* p 453.

We find the rationale of *Lewis* to be equally applicable in the present case. Juries are not required to render consistent verdicts, especially when, as in this case, there is a multi-count indictment. If a conviction for felony-firearm should stand when a defendant is convicted of no underlying crime, then logic dictates that it should also stand when the jury convicts a defendant of lesser included offenses which happen to be misdemeanors.

In *People v Burgess,* 419 Mich 305; 353 NW2d 444 (1984), the Supreme Court reversed this Court's decision affirming the defendant's conviction for felony-firearm but reversing his conviction for felonious assault. The Supreme Court reasoned that, while juries might return inconsistent verdicts, appellate courts do not share the same free-

dom. However, in *Burgess,* the felony-firearm conviction was predicated on only one felonious assault charge and this Court had reversed that charge. Accordingly, the Supreme Court found that the jury's finding that the assault had been committed could not be relied upon to support the felony-firearm conviction.

In the present case, however, the felony-firearm charge was predicated on each of the three underlying felony charges. Even though we now reverse the felonious assault conviction, there are still two remaining charges on which the felony-firearm conviction can rest. Unlike *Burgess,* we are not creating an inconsistent verdict but are merely affirming the jury's already inconsistent verdict.

Affirmed in part and reversed in part.