PEOPLE v RUFFIN

Docket No. 101374. Submitted November 9, 1988, at Lansing. Decided
February 24, 1989. Leave to appeal applied for.

A jury in Detroit Recorder's Court convicted Kenneth Wayne
Ruffin of two counts of armed robbery, one count of first-degree
criminal sexual conduct, and possession of a firearm in the
commission of a felony. The trial court, Geraldine B. Ford, J.,
sentenced defendant to concurrent prison terms of forty to
sixty years for armed robbery and criminal sexual conduct and
the mandatory consecutive term of two years for felony-firearm.
On appeal, the Court of Appeals affirmed the felony-firearm
conviction but reversed the armed robbery and first-degree
criminal sexual conduct convictions, ruling that the trial court
erred in failing to instruct the jury on the lesser included
offenses of armed robbery and first-degree criminal sexual
conduct. In its remand order, the Court of Appeals directed the
trial court to enter convictions of, and resentence defendant on,
two counts of larceny from a person and one count of second-
degree criminal sexual conduct unless the prosecution elected,
prior to resentencing, to retry defendant on armed robbery and
first-degree criminal sexual conduct. Unpublished opinion per
curiam of the Court of Appeals, decided August 27, 1986
(Docket No. 84956). On remand, the prosecution elected to retry
defendant on the armed robbery counts but requested the trial
court to resentence defendant on second-degree criminal sexual
conduct. Defendant was convicted on the armed robbery counts
and he was sentenced to concurrent terms of forty to sixty
years for the armed robbery convictions and ten to fifteen years
for second-degree criminal sexual conduct. Defendant appealed.

The Court of Appeals held:

1. This Court's prior decision did not prevent the prosecution
from electing to retry defendant on the armed robbery counts

REFERENCES

Am Jur 2d, Criminal Law § 278.
Due process as violated by successive state criminal trials for single
offense or for multiple offenses of the same character, committed
simultaneously. 2 L Ed 2d 2020.

while allowing the entry of conviction for and resentencing on second-degree criminal sexual conduct.

2. The "same transaction" rule of the double jeopardy clause of the state constitution, which requires the prosecution to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction, was not violated in this case since defendant's initial trial involved all the original charges against him.

3. Defendant was not punished twice for the same criminal act when he was convicted of both armed robbery and criminal sexual conduct. He therefore cannot claim a violation of the double jeopardy clause on the basis of these convictions.

Affirmed.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY — "SAME TRANSACTION" RULE.

The "same transaction" rule of the double jeopardy clause, which requires the prosecution to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction, is not violated in a case where the convictions are reversed following appeal, the prosecution is given the choice of having the defendant resentenced on lesser included offenses of the original charges or retried on the original charges, and the prosecution elects to have defendant resentenced on some charges and retried on others (Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Balfour Peisner,* for defendant on appeal.

Before: MacKenzie, P.J., and Weaver and E. A. Quinnell,* JJ.

Per Curiam. In January, 1985, defendant was convicted by jury of two counts of armed robbery, MCL 750.529; MSA 28.797, one count of first-de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to concurrent terms of forty to sixty years for the armed robbery and CSC convictions and the mandatory two-year consecutive term for felony-firearm. Defendant appeals as of right. We affirm.

On defendant's first appeal in this case, this Court on August 27, 1986, found that the trial court erred in failing to instruct the jury on the lesser included offenses of armed robbery and first-degree criminal sexual conduct (Docket No. 84956). This Court remanded and directed the trial court to enter convictions and resentence defendant on two counts of larceny from a person, MCL 750.357; MSA 28.589, and one count of second-degree criminal sexual conduct, MCL 750.520c(1)(e); MSA 28.788(3)(1)(e), unless the prosecution elected, prior to resentencing, to retry defendant. This Court affirmed the felony-firearm conviction.

The prosecution subsequently elected to retry defendant on the armed robbery charges but requested the lower court to resentence defendant on second-degree criminal sexual conduct. Defendant was retried and convicted on two counts of armed robbery. Defendant was then sentenced to concurrent terms of forty to sixty years for the armed robbery convictions and resentenced to a ten to fifteen year concurrent term for second-degree criminal sexual conduct. The trial court noted that defendant had already served the felony-firearm sentence.

In this appeal, defendant claims that allowing the prosecution to retry defendant on the armed robbery counts and to have defendant resentenced on second-degree criminal sexual conduct contravened this Court's prior opinion in this case which

gave the prosecutor the option to either retry or resentence defendant on both charges. Defendant argues that this Court did not give the prosecution the right to separate the charges and to retry defendant on one charge while having the court resentence defendant on the other charge. We disagree. This Court's prior decision did not prevent the prosecutor from electing to retry defendant on the armed robbery counts while allowing the entry of conviction for and resentencing on second-degree criminal sexual conduct.

Defendant further argues that, since all charges arose out of the same transaction, the prosecutor violated the "same transaction" rule of the state constitution's double jeopardy clause, Const 1963, art 1, § 15, when it elected to have defendant resentenced on one charge and to retry defendant on the others. We again disagree.

The same transaction rule interprets the double jeopardy clause to require the prosecution to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction. *People v White,* 390 Mich 245, 254; 212 NW2d 222 (1973). The purpose is to prevent harassment of a defendant and promote the interest of justice. *White, supra* at 258. Since this defendant was originally tried on all charges, this case is distinguished from *People v White.*

That the same transaction test is inapplicable to defendant is further evidenced by the fact that previous panels of this Court and the Michigan Supreme Court, in multiple offense cases, have not remanded the entire case for retrial or resentencing where the trial court failed to instruct the jury on the lesser included offenses of one but not all the charges. Instead, the courts have affirmed the convictions of these other charges. See *People v Thomas,* 399 Mich 826; 249 NW2d 867 (1977) (the Court reversed the conviction of first-degree mur-

der and remanded for conviction of manslaughter and resentencing unless the prosecutor sought to retry the defendant on first-degree murder; the Court noted the conviction of assault with intent to murder was not affected by the order); *People v Bryan,* 92 Mich App 208, 225-226; 284 NW2d 765 (1979), lv den 408 Mich 914 (1980) (the defendant was convicted of assault with intent to murder and assault with intent to rob while armed; this Court remanded the defendant's assault with intent to rob while armed conviction for entry of conviction of attempted armed robbery unless the prosecutor sought to retry the defendant on the greater offense; the defendant's conviction for assault with intent to commit murder was affirmed); *People v Garrett,* 161 Mich App 649, 652-653; 411 NW2d 812 (1987), lv den 430 Mich 856 (1988) (this Court reversed the defendant's conviction for armed robbery and directed the trial court to enter a conviction of unarmed robbery and sentence the defendant accordingly unless the prosecutor had the trial court vacate the judgment of conviction and retry the defendant on the armed robbery charge; the Court affirmed the defendant's conviction and sentence on felony-firearm).

Defendant's assertion that *People v Hooper,* 152 Mich App 243; 394 NW2d 27 (1986), lv den 426 Mich 867 (1986), is controlling is unfounded. The Court in *Hooper* held that actually shooting the victim and attempting to shoot the victim after already injuring him constituted one assault and could not support separate charges. This Court held that to charge defendant twice violated the double jeopardy clause because it imposed multiple punishments for the same offense. *Hooper, supra* at 245-246. In the instant case, defendant cannot argue that armed robbery and csc are the same

offense. See *People v Jones,* 144 Mich App 1, 4; 373 NW2d 226 (1985).

Affirmed.