## PEOPLE v UNDERWOOD

Docket No. 97463. Submitted February 11, 1988, at Detroit. Decided April 5, 1988.

Leslie Underwood was convicted of two counts of felonious assault, one count of possession of a firearm in the commission of a felony, and one count of carrying a concealed weapon following a bench trial in Recorder's Court of Detroit, Donald L. Hobson, J. He was sentenced to 2 to 4 years imprisonment on the felonious assault convictions, 2½ to 5 years imprisonment on the carrying a concealed weapon conviction, and the mandatory 2-year term on the felony-firearm conviction, the felonious assault and carrying a concealed weapon sentences to be served consecutively to the felony-firearm sentence. Defendant appealed, challenging his sentences.

The Court of Appeals *held:*

1. The court erred in making defendant's sentence for the carrying a concealed weapon conviction run consecutively to his felony-firearm sentence. The CCW sentence should run concurrently with the felony-firearm sentence.

2. Defendant is entitled to resentencing because the court did not sufficiently articulate its reasons for the sentences imposed and did not state its reasons for exceeding the recommended sentences in the sentencing guidelines. Remand is necessary for the court to state its reasons for the sentences imposed and, if the sentences exceed those recommended by the guidelines, its reasons for exceeding the guidelines' recommendations.

Remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — CARRYING A CONCEALED WEAPON — FELONY FIREARM.

A conviction for carrying a concealed weapon cannot serve as the underlying felony for a felony-firearm conviction and, since there is no statute mandating that a sentence for carrying a

REFERENCES

Am Jur 2d, Criminal Law §§ 525-527, 551, 552.

Am Jur 2d, Weapons and Firearms §§ 7 *et seq.*

Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.

concealed weapon must be served consecutively to a sentence for felony firearm, a sentence for carrying a concealed weapon should be served concurrently with a sentence for felony firearm where the convictions and sentences arise out of the same criminal transaction (MCL 750.227b; MSA 28.424[2]).

2. Criminal Law — Sentencing — Articulation on Record — Appeal.

Trial courts, in order to aid the review of sentences, must articulate on the record at the time of sentencing in a criminal case the reasons for imposing the sentence; failure to so articulate will result in a remand to the sentencing court for resentencing.

3. Criminal Law — Sentencing Guidelines — Articulation on Record.

Reasons for departure from the recommended sentencing guidelines must be articulated by a trial court at the time of sentencing on the record and placed on the sentencing information report.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Brian D. Marzec,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: Kelly, P.J., and H. Hood and M. Warshawsky,* JJ.

H. Hood, J. Following a bench trial, defendant was convicted of two counts of felonious assault, MCL 750.82; MSA 28.177, possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), and carrying a concealed weapon (ccw), MCL 750.227; MSA 28.424. Defendant was sentenced to imprisonment for 2 to 4 years on the

* Circuit judge, sitting on the Court of Appeals by assignment.

felonious assault convictions, 2½ to 5 years on the ccw conviction, and the mandatory 2-year term on the felony-firearm conviction. The court stated that the felonious assault and ccw sentences were to be served consecutively to the 2-year felony-firearm sentence. On the same day, defendant was sentenced in another case, case number 86-5632, in which he had been convicted of escape from prison. Defendant was sentenced in that case to one to two years imprisonment, to run consecutively to the other sentences. Defendant appeals as of right, challenging his sentences.

First, defendant claims that the court erred in making his ccw sentence run consecutively to his felony-firearm sentence. The prosecutor concedes that this was error and we agree. In the absence of statutory authority, sentences are to run concurrently, not consecutively. *In re Carey,* 372 Mich 378, 380; 126 NW2d 727 (1964). By statute, a sentence for felony-firearm is to be served consecutively to the sentence for the underlying felony. MCL 750.227b; MSA 28.424(2) states in pertinent part:

> (1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. . . .
> (2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

However, there is no statute mandating that a sentence for ccw be served consecutively to a

sentence for felony firearm. In fact, MCL 750.227b(1); MSA 28.424(2)(1) states specifically that ccw may not be the underlying felony for a felony-firearm conviction. Therefore, defendant's ccw sentence should run concurrently with his felony-firearm sentence.

Next, defendant claims he is entitled to resentencing because the court did not sufficiently articulate its reasons for the sentences imposed, as required by *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). The sentencing transcript reveals that the court did not state any reasons before imposing the sentences, but, after imposition, stated: "I hope it becomes clear to you that this society will not tolerate that kind of behavior, understand that?"

Although it is apparent that the court was stating as its reason the protection of society, we feel the court's articulation was insufficient. According to *Coles,* the purposes of articulation are 1) to improve the justification for the sentence, 2) to develop a rational policy on which to base sentencing in the future, 3) to prevent rash and arbitrary decisions, 4) to promote thought by the sentencing court, and 5) to enable the defendant to hear the court's reasons for imposition of the sentence before it is imposed so he can correct any inaccuracies upon which the court relies. *Coles, supra,* pp 549-550. These goals are difficult, if not impossible, to meet if the court waits until the end of the sentencing hearing and makes a remark such as the one at bar.

We have held that remand to the sentencing court for articulation of reasons is the appropriate remedy in such cases. See *People v Williams,* 142 Mich App 611, 614; 370 NW2d 7 (1985), lv den 424 Mich 903 (1986). However, we note that the sentences in the instant case exceeded the limits

recommended in the guidelines. The Sentencing Information Report reveals that the recommended minimum sentence for defendant's felonious assault convictions was zero to eighteen months, and the recommended minimum sentence for defendant's ccw conviction was zero to twelve months. Besides not articulating reasons for the sentences, the court also did not state its reasons for exceeding the recommended limits in the guidelines, as required by *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987). Thus, under the facts of this case, we feel remand for resentencing is appropriate. Upon remand, the court is instructed to state its reasons for the sentences imposed and, if the court imposes sentences exceeding the recommendations of the guidelines, its reasons for exceeding those recommendations.

Remanded for resentencing in accordance with this opinion.