PEOPLE v BONHAM

Docket No. 108863. Submitted August 2, 1989, at Detroit. Decided
    October 20, 1989.

    Defendant, Dennis L. Bonham, was charged in the Macomb
    Circuit Court with two counts of assault with intent to commit
    murder, one count of carrying a concealed weapon in a motor
    vehicle, and one count of possession of a firearm during the
    commission of a felony. He was convicted, following a jury trial,
    of two counts of the misdemeanor of discharge of a firearm
    intentionally but without malice aimed at another, one count of
    carrying a concealed weapon in a motor vehicle, and one count
    of felony-firearm. The trial court, Kenneth N. Sanborn, J.,
    sentenced defendant to one year in the county jail for each of
    the discharge of a firearm convictions and one to five years
    imprisonment for the carrying a concealed weapon conviction,
    with the sentences to run concurrently. Defendant was also
    sentenced to two years imprisonment for the felony-firearm
    conviction, with that sentence to run consecutively to the other
    sentences. Defendant appealed.

    The Court of Appeals *held:*

    1. The trial court did not err in its instructions on defen-
    dant's intoxication defense or in providing a supplemental
    written copy of certain jury instructions to the jury upon
    request.

    2. The trial court's instructions, viewed as a whole, fairly and
    completely presented the issues to be tried and protected defen-
    dant's rights. Defendant was properly convicted of a lesser
    included misdemeanor and felony-firearm. The felony-firearm
    charge was based upon felonies distinct from carrying a con-
    cealed weapon.

    3. The trial court erred in making the mandatory two-year
    sentence for felony-firearm consecutive to defendant's misde-
    meanor and carrying a concealed weapon convictions. The

REFERENCES
Am Jur 2d, Criminal Law §§ 155, 552; Weapons and Firearms § 7.5.
See the Index to Annotations under Alcoholics and Alcoholism;
    Concurrent and Consecutive Sentences; Weapons and Firearms.

felony-firearm sentence should run concurrently with the carrying a concealed weapon and misdemeanor sentences.

Affirmed and remanded for resentencing.

1. APPEAL — PRESERVING QUESTION — JURY INSTRUCTIONS.

Absent objection, alleged errors in jury instructions are deemed waived unless a miscarriage of justice results.

2. APPEAL — JURY INSTRUCTIONS — INTOXICATION DEFENSE.

Error or manifest injustice did not occur where a trial court correctly instructed the jury regarding defendant's intoxication defense to charges of assault with intent to commit murder and the lesser included assault with intent to do great bodily harm less than murder but failed to repeat the instructions on the defense of intoxication in conjunction with its instructions on assault with a dangerous weapon, discharge of a firearm intentionally but without malice aimed at another and assault.

3. APPEAL — JURY INSTRUCTIONS.

Reversal is not required because of alleged incomplete or misleading jury instructions if the instructions, viewed as a whole, fairly presented to the jury the issues to be tried and sufficiently protected the defendant's rights.

4. CRIMINAL LAW — FELONY-FIREARM.

A defendant need not be convicted of a felony or the attempt to commit a felony in order to be convicted of possession of a firearm during the commission of a felony; conviction of felony-firearm may be read as an implicit finding that the defendant did commit the felony.

5. WEAPONS — CARRYING A CONCEALED WEAPON — FELONY-FIREARM.

Carrying a concealed weapon and possession of a firearm during the commission of a felony convictions may be obtained in the same trial growing out of the same criminal episode where the felony-firearm conviction is based on a felony distinct from the ccw charge.

6. CRIMINAL LAW — FELONY-FIREARM — LESSER INCLUDED MISDEMEANOR.

A defendant charged with a felony and possession of a firearm during the commission of a felony may be convicted of a lesser included misdemeanor and felony-firearm.

7. CRIMINAL LAW — SENTENCING — CONCURRENT SENTENCES.

Absent statutory authority for imposing consecutive sentences, it is the rule in Michigan to impose concurrent sentences.

8. Criminal Law — Sentencing — Consecutive Sentences.

There is no statutory authority for imposing a sentence for carrying a concealed weapon to be served consecutive to a sentence for possession of a firearm during the commission of a felony, or for imposing a sentence for a misdemeanor to be served consecutive to a felony-firearm sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *Richard J. Goodman,* Assistant Prosecuting Attorney, for the people.

*Bufalino & Palazzolo, P.C.* (by *William E. Bufalino, II,* and *Domnick J. Sorise*), for defendant.

Before: SULLIVAN, P.J., and BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant appeals as of right his jury conviction of two counts of discharge of a firearm intentionally but without malice aimed at another, MCL 750.234; MSA 28.431, one count of carrying a concealed weapon in a motor vehicle, MCL 750.227; MSA 28.424, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to one year in the county jail for each of the discharge of a firearm convictions and one to five years in state prison for the carrying a concealed weapon conviction, with the sentences to run concurrently. The court also sentenced defendant to serve two years in prison for the felony-firearm conviction, with that sentence to run consecutively to the other sentences. We affirm defendant's convictions but remand for resentencing.

At approximately 3:54 A.M. on May 23, 1984, the

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Warren Police Department received reports of a disorderly person in a pickup truck in a residential area and were advised that shots had been fired. Officers Daniel Clark and Donald Ingles were first to arrive on the scene. Defendant was seated in an orange pickup holding a gun in his hand. After taking cover, the officers identified themselves as police officers and ordered defendant to put down his gun. Defendant responded with obscenities. Officer Ingles testified that defendant pulled the trigger of his gun but nothing happened. However, both officers heard two clicks which they believed to be the hammer of the gun striking an empty chamber. As Officers Clark and Ingles sought better cover behind their police car, two shots were fired from the direction of the pickup. A short while later, Officers Clark and Ingles were joined by Officers Edward Affeldt and Gerald Pileri. The officers again ordered defendant to put down the gun and he again refused. As the officers moved to surround defendant, they heard several more clicks and two more shots. Then defendant left the pickup and headed for a nearby house, but he was apprehended by the officers. The officers recovered a gun from defendant which contained two spent casings and one live round. Officer Affeldt recovered three spent casings and five live rounds on the ground near the pickup.

Defendant was charged with two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, one count of carrying a concealed weapon in a motor vehicle, MCL 750.227; MSA 28.424, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). He was convicted of two counts of discharge of a firearm while intentionally aimed without malice, carrying a concealed weapon, and felony-firearm. On March 22, 1988, defendant moved to vacate the felony-firearm con-

viction, arguing that it was impermissibly based upon the offense of carrying a concealed weapon. On April 6, 1988, the court denied defendant's motion.

Defendant contends that the court erred in failing to instruct the jury that intoxication was a defense to the lesser included offenses of assault with a dangerous weapon, discharge of a firearm while intentionally aimed without malice and assault. At trial, defendant asserted the defenses of intoxication and diminished capacity.

Initially we note that defendant failed to object to the jury instructions. Absent objection, alleged errors in jury instructions are deemed waived unless a miscarriage of justice results. *People v Williams,* 173 Mich App 312, 317; 433 NW2d 356 (1988). Because jury instructions must be read as a whole, and because the trial court's instructions included a correct recitation of the intoxication defense to the more serious crimes of assault with intent to commit murder and the lesser included assault with intent to do great bodily harm less than murder, we find no manifest injustice and no error on the part of the trial court by not repeating the instruction in conjunction with its instructions on assault with a dangerous weapon, discharge of a firearm while intentionally aimed without malice and assault. See *People v Parker,* 133 Mich App 358, 360-361; 349 NW2d 514 (1984).

Defendant also contends that it was error to provide a supplemental written copy of jury instructions concerning assault with intent to murder and assault with intent to do great bodily harm, which the jury requested, without also providing the intoxication defense instruction, which the jury did not request. The court's instructions were responsive to the jury's request, were not

misleading and did not prejudice defendant. See *Parker, supra,* p 362.

Defendant next contends that his felony-firearm conviction was impermissibly based upon either a misdemeanor or carrying a concealed weapon, due to incomplete and misleading jury instructions.

Reversal is not required if the instructions, viewed as a whole, fairly presented to the jury the issues to be tried and sufficiently protected the defendant's rights. *People v Nix,* 165 Mich App 501, 504; 419 NW2d 7 (1987). In the present case, the trial court gave the following felony-firearm instruction:

> *The Court:* I mentioned that he pled not guilty to the charge, and I mentioned that there are certain elements, and the first one was the Defendant committed or attempted to commit the crime of assault with intent to commit murder, which has been defined to you, but also he can be found guilty of possessing a firearm at the time of commission of certain other felonies, and that would be certain and lesser includable, and that is the assault with intent to do great bodily harm less than murder.
>
> If you find the Defendant guilty of that, then you may find him guilty of the possession of a firearm during the commission of a felony because that is a felony. That is a lesser includable.
>
> Also there is the so-called assault with a dangerous weapon or felonious assault. That is a felony and he can be found guilty of possession of a firearm during the commission of that felony.
>
> Second, that at the time he committed or attempted to commit those crimes, he knowingly carried or possessed a firearm.

Although the commission or attempted commission of a felony is an element of the felony-firearm offense, it is not required that defendant be con-

victed of a felony or the attempt to commit a felony in order to be convicted of felony-firearm. *People v Lewis,* 415 Mich 443, 454-455; 330 NW2d 16 (1982). Conviction of felony-firearm may be read as an implicit finding that the defendant did commit the felony. *Id.,* p 452. If a conviction for felony-firearm is allowed to stand in the event that defendant is acquitted on the underlying felony, then the result should be the same in the event that the jury convicts a defendant of a lesser-included offense, which happens to be a misdemeanor. *People v Hooper,* 152 Mich App 243, 247; 394 NW2d 27 (1986), lv den 426 Mich 867 (1986). The Michigan Supreme Court, in *People v Sturgis,* 427 Mich 392, 405, 406; 397 NW2d 783 (1986), concluded that carrying a concealed weapon and felony-firearm convictions may be obtained in the same trial growing out of the same criminal episode as long as the felony-firearm was based on a felony distinct from the concealed weapon charge.

In the present case, the court made it plain that the felony-firearm charge was based upon felonies distinct from carrying a concealed weapon. The court did not specifically instruct the jury that the charge of carrying a concealed weapon could not form the basis of a felony-firearm conviction, but made it clear which felonies could form that basis. Further, defendant may be convicted of a lesser included misdemeanor and felony-firearm. *Hooper, supra.* Therefore, we conclude that the court's instructions, viewed as a whole, fairly and completely presented the issues to be tried and protected defendant's rights.

Defendant's final claim is that the court erred by making the mandatory two-year sentence for felony-firearm consecutive to defendant's misdemeanor and ccw convictions. We find merit in

defendant's argument and remand for resentencing.

Absent statutory authority for imposing consecutive sentences, it is the rule in this state to impose concurrent sentences. See *People v Gallagher*, 404 Mich 429, 439; 273 NW2d 440 (1979); *People v Underwood*, 167 Mich App 646, 648-649; 423 NW2d 304 (1988). The felony-firearm statute, MCL 750.227b; MSA 28.424(2), provides in relevant part:

> (1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.
>
> (2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

The sentence for felony-firearm is to be served prior to and consecutively with any term of imprisonment imposed for the felony. *People v Sawyer*, 410 Mich 531, 535; 302 NW2d 534 (1981), reh den 411 Mich 1119 (1981). Since a CCW conviction may not be the underlying felony for a felony-firearm conviction, MCL 750.227b(1); MSA 28.424(2)(1), there is no statutory authority for imposing a CCW sentence to be served consecutive to a felony-firearm sentence. See *Underwood, supra.* Therefore, defendant's felony-firearm sentence should run concurrently with the CCW sentence. *Underwood, supra.*

Further, we believe the same rationale is applicable to the misdemeanor conviction. There is no statutory authority to impose a consecutive sentence for felony-firearm and a misdemeanor. In fact, MCL 750.227b(2); MSA 28.424(2)(2) specifically provides that the sentence imposed for the felony-firearm conviction "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the *felony or attempt to commit the felony.*" Therefore, defendant's felony-firearm sentence should run concurrently with the misdemeanor sentence.

Affirmed and remanded for resentencing. We do not retain jurisdiction.