# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MELVIN LEE REDMOND,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 320330
Kent Circuit Court
LC No. 13-006680-FH

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant was convicted by a jury of carrying a concealed weapon (CCW), MCL 750.227; felon-in-possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to concurrent sentences of 34 months to 10 years' imprisonment for the CCW and felon-in-possession of a firearm convictions, to be served consecutively to a two-year mandatory term of imprisonment for the felony-firearm conviction. Defendant was also ordered to pay $204 in state costs, a $130 crime victim's rights fee, and $700 in court costs. We affirm defendant's convictions, but remand to correct the judgment of sentence and for the trial court to provide a factual basis for the $700 in court costs.

Defendant first argues that there was insufficient evidence to support his convictions. We review challenges to the sufficiency of the evidence de novo to determine whether the evidence, viewed in a light most favorable to the prosecution, would warrant a reasonable juror in finding guilt beyond a reasonable doubt. *People v Nowack*, 462 Mich 392, 399; 614 NW2d 78 (2000); *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

To convict defendant of CCW, the prosecution was required to prove that defendant (1) knowingly (2) possessed (3) a concealed weapon (here, a pistol). MCL 750.227(2); *People v Hernandez-Garcia*, 266 Mich App 416, 418; 701 NW2d 191 (2005), affirmed in part and vacated in part on other grounds, 477 Mich 1039 (2007). To be "concealed," the pistol must not be "discernible by the ordinary observation of persons casually observing the person carrying it," but need not be totally concealed. *Hernandez-Garcia*, 266 Mich App at 421-422. To convict

-1-

defendant of felon-in-possession of a firearm, the prosecution was required to prove that defendant (1) possessed a firearm, (2) was previously convicted of a specified felony,[1] and (3) that fewer than five years had elapsed since he paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the offense. MCL 750.224f(2)(a). See *People v Perkins*, 262 Mich App 267, 270-271; 686 NW2d 237 (2004), abrogated in part on other grounds *People v Smith-Anthony*, 494 Mich 669; 837 NW2d 415 (2013). To convict defendant of felony-firearm, the prosecution was required to prove that defendant (1) possessed a firearm and (2) that the possession occurred during the course of a felony or attempted felony. MCL 750.227b. See *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

In this case, the parties stipulated to elements two and three of the felon-in-possession of a firearm charge. Moreover, a felon-in-possession of a firearm conviction can satisfy the underlying felony required for a felony-firearm conviction. *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003). Thus, the prosecution could secure convictions on all three counts if the evidence proved beyond a reasonable doubt that defendant knowingly carried a concealed weapon. Viewing it in a light most favorable to the prosecution, the evidence was sufficient to establish those facts.

On the day of the incident, defendant was seen by a plainclothes police officer near a home in Grand Rapids with a group of other individuals. Defendant was observed acting suspiciously, looking up and down the street as if on "high alert." On several occasions, the other group members huddled around defendant, and defendant was observed removing something from his waistband and showing it to the other group members. When the huddle disbursed, defendant concealed the object in his waistband again. When officers arrived on scene, defendant appeared visibly nervous and began walking away. He ignored the officers' commands to stop and to put his hands up. As he walked toward the rear of the house, he was seen manipulating his waistband or pockets. Then, as he walked along a fence in the back yard, he was seen "drawing" something out of his waistband and extending his arm over the fence. Once he was secured, the officers found a handgun lying just on the opposite side of the fence, immediately next to a cellular telephone. The number associated with the cellular telephone was the same number defendant gave to booking officials at the Kent County jail.

Circumstantial evidence and the reasonable inferences arising therefrom can constitute satisfactory proof of the elements of a crime. *Nowack*, 462 Mich at 400; *Harverson*, 291 Mich App at 175. Thus, although no one actually observed defendant with a gun on the day in question, the circumstantial evidence sufficiently established that he was in fact knowingly carrying a concealed handgun in his waistband at the time the officers made contact with him.

Defendant next argues that the trial court erred in ordering his sentence for CCW to be served consecutively to his sentence for felony-firearm. We agree. It is well settled that under

---

[1] A "specified felony" includes a felony involving the use, attempted use, or threatened use of physical force against the person or property of another. MCL 750.224f(10)(a). The Information alleged that defendant was previously convicted of assault with intent to do great bodily harm less than murder, a "specified felony" under MCL 750.224f(10).

the plain language of MCL 750.227b, CCW cannot be a predicate felony to a felony-firearm conviction, and therefore a CCW sentence cannot be served consecutively to a felony-firearm sentence. *People v McCrady*, 213 Mich App 474, 486; 540 NW2d 718 (1995); *People v Underwood*, 167 Mich App 646, 649; 423 NW2d 304 (1988). Accordingly, remand is warranted so that the trial court can amend the judgment of sentence to reflect that defendant's CCW sentence is to be served concurrent with his felony-firearm sentence. See *People v Taybron*, 486 Mich 899; 780 NW2d 795 (2010); *People v Clark*, 463 Mich 459, 465; 619 NW2d 538 (2000).

For his next argument, defendant asserts that the trial court failed to explain its reasons for imposing $700 in court costs under *People v Sanders*, 296 Mich App 710; 825 NW2d 87 (2012), overruled by *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). While the trial court had authority to impose the court costs, we agree that remand is required for the trial court to establish a factual basis for $700 in costs.

A trial court's authority to impose fines and costs is governed by MCL 769.1k, which, at the time defendant was sentenced, provided, in relevant part, that the trial court could impose "*any* cost" in addition to the minimum state cost set forth by MCL 769.1j. MCL 769.1k(1)(b)(*ii*), prior to amendment by 2014 PA 352 (emphasis added). In *Sanders*, 296 Mich App at 715, this Court held that pursuant to the "any cost" language of MCL 769.1k(1)(b)(*ii*), "a trial court may impose a generally reasonable amount of court costs . . . without the necessity of separately calculating the costs involved in the particular case . . . ." However, in *Cunningham*, 496 Mich at 158, our Supreme Court overruled *Sanders* and held "that MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose 'any cost,' " but instead "only those costs that the Legislature has separately authorized by statute."

Under *Cunningham*, the trial court's imposition of $700 in costs in this case would be invalid because the statutes under which defendant was convicted do not authorize the imposition of court costs. See MCL 750.224f(5) (authorizing imprisonment and/or a fine of not more than $5,000); MCL 750.227(3) (authorizing imprisonment or a fine of not more than $2,500); MCL 750.227b(1) (authorizing imprisonment). Further, no other statutes separately authorize the imposition of the $700 in costs imposed. However, as we observed in *People v Konopka*, ___ Mich App ___, ___; ___ NW2d ___ (2015), slip op at 5, in response to *Cunningham*, the Legislature amended MCL 769.1k on October 17, 2014, to allow a trial court to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." MCL 769.1k(1)(b)(*iii*). See also 2014 PA 352. This amended version of MCL 769.1k became immediately effective on October 17, 2014, and applies to all fines, costs, and assessments imposed before June 18, 2014 (the date *Cunningham* was issued), and after October 17, 2014. 2014 PA 352. "When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *Konopka*, ___ Mich App at ___, slip op at 6 (internal quotations and citations omitted). Here, the trial court imposed costs upon defendant on January 23, 2014, and this case was still pending on appeal when *Cunningham* was decided. Thus, MCL 769.1k(1)(b)(*iii*) applies to this case, and the trial court had authority to impose court costs without reference to any other statute. *Id*.

While the trial court had authority under MCL 769.1k(1)(b)(*iii*) to impose court costs, it was required to articulate a factual basis for why $700 in costs were reasonably related to the actual costs incurred. *Id*. at ___, slip op at 8. It did not do so. Without such a factual basis, this Court is unable to determine whether the costs imposed were reasonable. We therefore remand to the trial court so that the trial court can establish a factual basis for the costs imposed or to alter the amount of costs imposed, if appropriate. On remand, defendant should be afforded the opportunity to challenge the reasonableness of the costs imposed.

Defendant's final argument, set forth in his Standard 4 brief, is that he was denied the effective assistance of counsel during plea negotiations. Because we previously denied defendant's motion to remand on this issue, our review is limited to mistakes apparent in the lower court record. *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

The United States Supreme Court has held that the Sixth Amendment's right to counsel extends to the plea-bargaining process and that a claim of ineffective assistance of counsel may be based on trial counsel's failure to properly advise the defendant regarding a plea offer. *People v Douglas*, 296 Mich App 186, 205-207; 817 NW2d 640 (2012), rev'd in part on other grounds 496 Mich 557 (2014), citing *Lafler v Cooper*, 566 US ___, ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012), and *Hill v Lockhart*, 474 US 52, 57-58; 106 S Ct 366; 88 L Ed 2d 203 (1985). A claim of ineffective assistance of counsel based on trial counsel's failure to give proper advice during plea negotiations is subject to the same two-prong analysis as any other ineffective assistance of counsel claim; that is, the defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Douglas*, 296 Mich App at 205-206 (citations omitted). See *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994).

The record indicates that defendant was initially charged only with CCW and felon-in-possession of a firearm, with notice of his status as a third-offense habitual offender. At his preliminary examination, defendant's trial counsel admitted that she failed to inform defendant of an existing plea offer that would have allowed him to plead guilty to both charges in exchange for dismissal of the habitual offender notice. After being informed of the offer, defendant rejected it. His trial counsel did not offer him any advice at that time as to whether doing so was strategically sound. Following the preliminary hearing, the prosecution amended the Information to add the felony-firearm charge. Defendant now argues that his trial counsel's failure to advise him that the prosecution could add additional charges constituted ineffective assistance of counsel. Further, he argues that he was prejudiced because, had he known the prosecution could add additional charges, he would have accepted the plea without hesitation.

We need not resolve whether defendant's attorney's failure to advise defendant of the possible ramifications of rejecting the plea offer at the preliminary hearing constituted deficient performance because, even assuming that his counsel was deficient, the record clearly belies defendant's claim of prejudice. In making his argument, defendant completely ignores the sequence of events that occurred *after* the preliminary examination. Specifically, at the outset of the first day of trial, he was reoffered the same plea. At that time, he was informed that if he rejected the plea, the prosecution would proceed with all three charges. He was further informed of his possible sentences if convicted of all three charges. After the trial court gave defendant

time to discuss the matter with his attorney, defendant again rejected the plea offer. Accordingly, assuming that defendant's trial counsel was deficient for failing to advise him of the consequences of rejecting the plea offer at the preliminary examination, there is no "reasonable probability" that the outcome of the proceeding would have been different. *Strickland*, 466 US at 687; *Pickens*, 446 Mich at 314. Defendant is not entitled to a third opportunity to accept the plea offer.

We affirm defendant's convictions, but remand this case for amendment of the judgment of sentence in accordance with this opinion and for the trial court to hold proceedings to establish a factual basis for its imposition of $700 in court costs. We do not retain jurisdiction.


/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray