# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY MAURICE WALLACE,

        Defendant-Appellant.

UNPUBLISHED
August 25, 2015

No. 321455
Wayne Circuit Court
LC No. 13-101724-FC

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, carrying a concealed weapon, MCL 750.227, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a third habitual offender, MCL 769.11, to 15 to 30 years' imprisonment for the armed robbery conviction, one to five years' imprisonment for the carrying a concealed weapon conviction, one to five years' imprisonment for the felon in possession of a firearm conviction, and two years' imprisonment for the felony-firearm conviction. We affirm defendant's convictions, however remand the case to the trial court to correct the judgment of sentence. Defendant's felony-firearm sentence shall run consecutively to his armed robbery and felon in possession of a firearm sentences and concurrently with his carrying a concealed weapon sentence.

This case began in Detroit with the victim, who knew defendant through mutual friends, attempting to do a favor for defendant. Unfortunately, for the victim, defendant did not want a favor--the ride he asked for--and instead robbed the victim at gunpoint.

Defendant first argues that the trial court abused its discretion in denying defendant's request for the appointment of substitute counsel and that the trial court did not conduct an adequate inquiry into defendant's request. We disagree. "A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (quotation marks and citations omitted).

This Court has explained:

An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*Id.* (quotation marks and citations omitted).]

"A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation is insufficient." *Id*. at 398 (citations omitted). "Counsel's decisions about defense strategy, including what evidence to present and what arguments to make, are matters of trial strategy, and disagreements with regard to trial strategy or professional judgment do not warrant appointment of substitute counsel." *Id*. (citations omitted).

"When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *Id*. at 397 (quotation marks and citation omitted). "It is a defendant's responsibility to seek a hearing." *People v Ceteways*, 156 Mich App 108, 118; 401 NW2d 327 (1986). "A full adversary proceeding . . . is not required." *Id*. at 119. A trial court's failure to explore a defendant's claim that his lawyer should be replaced does not always require that a conviction following such an error be set aside. *Id*. at 118-119, citing *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973).

Defendant asserts that the trial court failed to adequately ascertain the basis and substance of defendant's complaint about defense counsel. According to defendant, the court conducted no inquiry and did not give defendant an opportunity to establish good cause. We disagree. Before the trial began, defendant submitted to the court a handwritten letter stating why he was requesting substitution of counsel. Defendant then reiterated those views orally in court on February 10, 2014. Defendant was afforded an opportunity to express his views without interruption before the court denied the request. Moreover, defendant did not request a formal hearing on the matter, and it was his responsibility to seek such a hearing. *Ceteways*, 156 Mich App at 118. Defendant has not identified any factual dispute that required an evidentiary hearing or the taking of testimony. Nor has defendant explained why further inquiry by the trial court was needed; "defendant said what he had to say[,]" *id*. at 119, and there is no indication that he wished to elaborate further. Defendant unambiguously expressed the points he wished to make, and then the trial court denied his request. Defendant has not established any error in the trial court's failure to conduct further inquiry or to hold a formal hearing on the matter.

Moreover, the trial court's declination to appoint substitute counsel fell within the range of reasonable and principled outcomes. Defendant fails to identify any specific reason why good cause existed for the appointment of substitute counsel. Defendant alludes to a breakdown of the attorney-client relationship and the fact, which was later revealed at sentencing, that defendant had filed a grievance against defense counsel. However, the record does not reflect a breakdown

in the attorney-client relationship or any other facts to establish good cause. Defendant asserted that defense counsel only met with him once and claimed that defense counsel said she was not "too familiar" with defendant's case at the time of the final pretrial conference. After reviewing the record, we have found that defense counsel was more than adequately prepared. Defense counsel's opening statement, cross-examination of witnesses, and closing argument all revealed a thorough understanding of the facts of the case and reflected the development of a defense strategy. The defense strategy included: (1) suggesting ways in which the victim's testimony about how the crime occurred did not make sense and (2) emphasizing the absence of any physical evidence such as fingerprints tying defendant to a firearm recovered from the vacant house where defendant was arrested. That is, defense counsel throughout trial exhibited a ready and deep familiarity with the case by using the evidence and the lack of evidence to advance her trial strategy; the record thus belies any contention that she was unprepared. Defendant fails to explain how the purported failure to hold more than one meeting with defendant prevented defense counsel from being adequately prepared, or how additional meetings with defendant would have allowed defense counsel to develop a different or better trial strategy. Furthermore, defendant identifies no fundamental trial tactic on which he and defense counsel had a legitimate difference of opinion. Nor has defendant otherwise explained how defense counsel exhibited disinterest or a lack of diligence. The fact, later revealed at sentencing, that defendant had filed a grievance against defense counsel does not by itself establish good cause. See *Strickland*, 293 Mich App at 397-398; *People v Traylor*, 245 Mich App 460, 463; 628 NW2d 120 (2001).

Furthermore, the appointment of a new attorney would have unreasonably disrupted the judicial process. Trial was originally scheduled to begin on February 10, 2014, and the trial court and the parties agreed to adjourn it for two days because the trial court was conducting a trial in another case; defendant then asked for a new attorney. It is reasonable to conclude that appointment of a new attorney at this point would have further delayed the trial because a newly appointed competent attorney could not have become adequately prepared for trial in a mere two days. Accordingly, the trial court did not abuse its discretion in denying defendant's request for the appointment of substitute counsel.

In addition, defendant argues in his Standard 4 brief that he was denied the effective assistance of counsel. Again, we disagree. Because defendant failed to preserve this issue by moving for a new trial or an evidentiary hearing, "our review is limited to mistakes apparent on the record." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact." *Id*. This Court reviews any findings of fact for clear error, but "the ultimate constitutional issue arising from an ineffective assistance of counsel claim [is reviewed] de novo." *Id*.

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). "Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Petri*, 279 Mich App at 411. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id*. The fact that a defense strategy ultimately fails does not establish

ineffective assistance of counsel. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001).

Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (quotation marks and citations omitted). Any choice to limit an investigation "is reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. (quotation marks omitted). The failure to conduct an adequate investigation results in ineffective assistance of counsel if it undermines confidence in the outcome of the trial. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). A defendant claiming ineffective assistance has the burden of establishing the factual predicate for the claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant asserts that defense counsel was ineffective in various ways. First, defendant contends that defense counsel visited him for the first time three weeks before trial and told defendant that she was not too familiar with defendant's case. This claim is unsupported by anything in the record other than defendant's self-serving assertions when he requested a new attorney. As explained earlier, the record reflects that defense counsel was more than adequately prepared. Defendant has not shown how additional meetings with counsel would have made defense counsel better prepared. Defendant identifies no particular defense that defense counsel should have undertaken but failed to do so.

Second, defendant asserts that defense counsel failed to investigate the case. The record offers no support for this assertion. Defendant has therefore failed to establish the factual predicate for this claim. *Id.*

Third, defendant contends that defense counsel failed to file pretrial motions to dismiss on procedural grounds or to quash on insufficient evidence grounds. Defendant further claims that defense counsel rejected defendant's request for an evidentiary hearing. Defendant offers no specificity to support these bare assertions. A party may not simply "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Kevorkian*, 248 Mich App at 389 (quotation marks and citation omitted). Defendant fails to specify what procedural grounds merited a motion to dismiss or why he thinks a motion to quash on the basis of insufficient evidence was warranted. Although defendant argues that an evidentiary hearing "would have put the lack of evidence to support the elements of the charges on the record," defendant does not further explain this assertion. Defense counsel's decision concerning whether to file a motion comprises a matter of trial strategy. *Traylor*, 245 Mich App at 463. Because defendant has failed to present a comprehensible argument on this point, he has abandoned the issue and has not overcome the presumption of sound trial strategy. *Petri*, 279 Mich App at 411.

Defendant next asserts that defense counsel failed to contest the evidence of the charges. Again, defendant fails to develop this argument to permit meaningful appellate review. *Kevorkian*, 248 Mich App at 389. The record refutes this contention in any event because, as discussed, the trial transcript shows that defense counsel thoroughly cross-examined the prosecution witnesses and challenged the prosecution's theory of the case by arguing that the

victim's testimony did not make sense and that there was no nexus between defendant and the firearm recovered from the vacant house.

Additionally, defendant contends that defense counsel failed to seek to impeach the victim's trial testimony with a prior inconsistent statement. But defendant fails to identify what specific testimony he wished to impeach, what prior statement the victim made that was inconsistent with his trial testimony, or how the testimony and the statement were inconsistent. Defendant may not leave it to this Court to discover and rationalize the basis for his claims or to unravel and elaborate for him his arguments. *Id.*

Furthermore, defendant argues that defense counsel was ineffective because she failed to obtain a fingerprint analysis of the gun. Defendant again fails to present an adequately developed argument on this point. *Id*. Defendant does not indicate why a fingerprint analysis was required or what it would have shown. "Decisions regarding what evidence to present . . . are presumed to be matters of trial strategy," which this Court will not second-guess or assess with the benefit of hindsight. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Defense counsel emphasized during closing argument that the prosecution presented no evidence that defendant's fingerprints were on the gun and that there was no evidence connecting defendant to the gun. Defense counsel may have reasonably concluded that obtaining a fingerprint analysis was unnecessary given her ability to emphasize the prosecutor's failure to present such evidence, and given the risk that, had defendant's prints been detected, a fingerprint analysis would have seriously undermined the defense theory. Defendant has not overcome the presumption of a sound trial strategy. *Petri*, 279 Mich App at 411. Thus, we disagree with defendant's argument in his Standard 4 brief that defense counsel was ineffective and violated his due process.

Defendant also argues in his Standard 4 brief that the trial court lacked subject-matter jurisdiction because there was no probable cause for issuing the arrest warrant and the complaint was defective. We disagree. Defendant failed to preserve this issue by raising it below. *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Nonetheless, to the extent defendant is arguing that the trial court lacked subject-matter jurisdiction, he may raise that issue for the first time on appeal because subject-matter jurisdiction may be raised at any time. *People v Richards*, 205 Mich App 438, 444; 517 NW2d 823 (1994). Whether a court has subject-matter jurisdiction presents a question of law that is reviewed de novo. *People v Laws*, 218 Mich App 447, 451; 554 NW2d 586 (1996). Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Subject-matter "jurisdiction refers to the power of a court to act and the authority a court has to hear and determine a case." *Wayne Co Chief Executive v Governor*, 230 Mich App 258, 269; 583 NW2d 512 (1998). That is, "[s]ubject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case." *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (quotation marks and citations omitted; emphasis removed). In this case, defendant was charged with four felonies: armed robbery, carrying a concealed weapon, felon in possession of a firearm, and felony-firearm. "Michigan circuit courts are courts of general jurisdiction and unquestionably have jurisdiction over felony cases." *Id*. (citations omitted). Therefore, the circuit court had jurisdiction over the felony charges in this case. Defendant's argument challenging the adequacy

of the complaint and the propriety of issuing the warrant concerns events that occurred in this *particular* case; it does not address the circuit court's *abstract* power to try a case of the kind or character of the one pending.  Therefore, defendant has failed to establish that the circuit court lacked subject-matter jurisdiction in this case.

Moreover, defendant's challenge to the adequacy of the complaint and the propriety of issuing the warrant is devoid of merit.  Defendant contends that the arrest warrant was improperly issued because there is no affidavit of probable cause in the lower court file.  Further, defendant asserts that the complaint was inadequate because it provided no underlying facts and presented no corroborating evidence.

MCL 764.1a provides, in relevant part:

> (1) A magistrate shall issue a warrant upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the individual accused in the complaint committed that offense.  The complaint shall be sworn to before a magistrate or clerk.

> (2) The finding of reasonable cause by the magistrate may be based upon 1 or more of the following:

> (a) Factual allegations of the complainant contained in the complaint.

> (b) The complainant's sworn testimony.

> (c) The complainant's affidavit.

> (d) Any supplemental sworn testimony or affidavits of other individuals presented by the complainant or required by the magistrate.

> (3) The magistrate may require sworn testimony of the complainant or other individuals.  Supplemental affidavits may be sworn to before an individual authorized by law to administer oaths.  The factual allegations contained in the complaint, testimony, or affidavits may be based upon personal knowledge, information and belief, or both.

"A complaint is a written accusation that a named or described person has committed a specified criminal offense.  The complaint must include the substance of the accusation against the accused and the name and statutory citation of the offense."  MCR 6.101(A).  Further, "[t]he complaint must be signed and sworn to before a judicial officer or court clerk."  MCR 6.101(B).  Under MCR 6.101(C), "[a] complaint may not be filed without a prosecutor's written approval endorsed on the complaint or attached to it, or unless security for costs is filed with the court."  A court must issue an arrest warrant upon being presented with a proper complaint if the court finds probable cause to believe that the defendant committed the offense.  MCR 6.102(A).  "A finding of probable cause may be based on hearsay evidence and rely on factual allegations in the complaint, affidavits from the complainant or others, the testimony of a sworn witness adequately preserved to permit review, or any combination of these sources."  MCR 6.102(B).  See also *People v Cain*, 299 Mich App 27, 52; 829 NW2d 37 (2012), aff'd in part, vacated in

part on other grounds by 495 Mich 874 (2013) (holding that a magistrate's finding of probable cause to believe that the defendant committed the charged offenses and to support the issuance of an arrest warrant was supported by allegations in the complaint).

In light of the above authorities, defendant's contention that the absence of an affidavit of probable cause in the lower court file precluded the issuance of an arrest warrant is unavailing. The factual allegations in the complaint provided probable cause to believe that defendant committed the charged offenses. Defendant is also incorrect in asserting that the complaint failed to provide factual allegations to support the finding of probable cause. The complaint indicates that the offenses occurred on November 4, 2013, in the area of Seven Mile and Plainview in Detroit. Clive Coateston is identified as the complainant or victim, and Officer Terry Cross-Nelson is identified as the complaining witness who signed the complaint on information and belief. Officer Cross-Nelson's signature was subscribed and sworn to before Magistrate Millicent D. Sherman on November 8, 2013. The complaint also indicates that the warrant was authorized on November 7, 2013, by assistant prosecuting attorney Heather Lewis.

The complaint alleged the underlying facts and the relevant statutory citation for each of the charged offenses, which were alleged to have been committed on the date and location previously noted. With respect to the armed robbery charge, the complaint alleged that defendant "did in the course of committing a larceny of COLOGNE, assault or put in fear a person present, CLIVE COATESTON, and in the course of that conduct possessed GUN, a dangerous weapon, contrary to MCL 750.529." For carrying a concealed weapon, the complaint alleged that defendant "did carry a dangerous weapon, to wit: PISTOL, concealed on or about his or her person and whether concealed or otherwise in a vehicle operated or occupied by said defendant, to wit: VAN, contrary to MCL 750.227." Regarding felon in possession of a firearm, the complaint alleged that defendant "did possess a firearm when ineligible to do so because he or she had been convicted of LARCENY FROM A PERSON, a felony punishable by imprisonment for 4 or more years, and the requirements for regaining eligibility had not been met, contrary to MCL 750.224f." With respect to felony-firearm, the complaint alleged that defendant "did carry or have in his/her possession a firearm, to-wit: PISTOL, at the time he/she committed or attempted to commit a felony, to-wit: ARMED ROBBERY OR FELONIOUS ASSAULT OR FELON IN POSSESSION, contrary to MCL 750.227b." The complaint also provided notice concerning defendant's third habitual offender status.

Accordingly, the complaint satisfied the requirements of the statutory and court rule provisions cited above. The sworn factual allegations in the complaint, made on the basis of the complaining witness's information and belief, provided the requisite probable cause to believe that defendant committed the charged offenses and to support issuance of the arrest warrant. See MCL 764.1a(1), (2), (3). Thus, defendant has failed to establish that there was any defect in the complaint or that the arrest warrant was not supported by probable cause.

Lastly, defendant argues that the trial court erred in making defendant's sentences for felony-firearm and carrying a concealed weapon consecutive to each other. We agree. Because defendant failed to preserve this issue below, our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich at 763-764. To obtain relief under the plain error test, a defendant must show that (1) an error occurred, (2) the error was clear or obvious, and (3) the plain error affected substantial rights, i.e., it affected the outcome of the lower court proceedings.

*Id.* at 763. Whether a statute authorizes consecutive sentencing presents a question of law that is reviewed de novo. *People v Lee*, 233 Mich App 403, 405; 592 NW2d 779 (1999).

"A consecutive sentence may be imposed only if specifically authorized by statute." *Id.* The felony-firearm statute provides that the sentence for felony-firearm shall be consecutive to the sentence for the predicate offense. At the time of the offenses and at the time of defendant's sentencing, MCL 750.227b(2)[1] stated:

> A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

The felony-firearm statute does not "[permit] consecutive sentencing with convictions other than the predicate offense." *People v Clark*, 463 Mich 459, 464; 619 NW2d 538 (2000). Carrying a concealed weapon may not serve as the predicate offense for felony firearm. See MCL 750.227b(1).

In *People v McCrady*, 213 Mich App 474, 486; 540 NW2d 718 (1995), this Court held that the defendant's sentence for a carrying a concealed weapon conviction was improperly made consecutive to his sentence for a felony-firearm conviction "[b]ecause there is no statute mandating that a sentence for a [carrying a concealed weapon] conviction run consecutively to a sentence for a felony-firearm conviction[.]" See also *People v Cortez*, 206 Mich App 204, 207; 520 NW2d 693 (1994) (holding that the trial court erred in making the defendant's felony-firearm sentence consecutive to his carrying a concealed weapon conviction because carrying a concealed weapon may not serve as the predicate offense for felony-firearm); *People v Bonham*, 182 Mich App 130, 137; 451 NW2d 530 (1989) ("Since [carrying a concealed weapon] conviction may not be the underlying felony for a felony-firearm conviction, MCL 750.227b(1), there is no statutory authority for imposing a [carrying a concealed weapon] sentence to be served consecutive to a felony-firearm sentence. Therefore, defendant's felony-firearm sentence should run concurrently with the [carrying a concealed weapon] sentence.") (citations omitted).

In this case, the trial court made defendant's sentences for armed robbery, carrying a concealed weapon, and felon in possession of a firearm concurrent with one another and consecutive to the felony-firearm sentence. The predicate offenses for defendant's felony-firearm conviction were armed robbery and felon in possession of a firearm. The felony-firearm statute authorizes consecutive sentencing for those two predicate offenses. MCL 750.227b(2). Therefore, it was proper to make the sentences for those two predicate offenses consecutive to the felony-firearm sentence. However, the trial court lacked statutory authority, the prosecutor concedes this as error, to make the felony-firearm sentence consecutive to the carrying a concealed weapon sentence because carrying a concealed weapon may not serve as the predicate

---

[1] Effective July 1, 2015, this provision was moved to MCL 750.227b(3), but there are no substantive changes to the provision. See 2015 PA 26.

offense for felony-firearm as there is no statute authorizing consecutive sentencing for those two offenses. *McCrady*, 213 Mich App at 486; *Cortez*, 206 Mich App at 207; *Bonham*, 182 Mich App at 137. Thus, the trial court plainly erred in imposing consecutive sentences for carrying a concealed weapon and felony-firearm. This error affected the outcome because defendant received consecutive instead of concurrent sentences for those two offenses. Accordingly, we remand the case for amendment of the judgment of sentence to reflect that defendant's felony-firearm sentence shall run consecutively to his armed robbery and felon in possession of a firearm sentences, but concurrently with his carrying a concealed weapon sentence.

Defendant's convictions are affirmed, but the matter is remanded to correct the judgment of sentence to reflect the fact that defendant's felony-firearm conviction shall run consecutively to his armed robbery and felon in possession of a firearm sentences and concurrently with his carrying a concealed weapon sentence. We do not retain jurisdiction.


/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens