# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

ANDRE DEMONE MOORE,

   Defendant-Appellant.

UNPUBLISHED
March 17, 2016

No. 325201
Wayne Circuit Court
LC No. 14-001815-FH

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and carrying a concealed weapon (CCW), MCL 750.227. The trial court sentenced defendant to two years' imprisonment for the felony-firearm conviction and to a concurrent two-year probationary term for the CCW conviction. For the reasons stated in this opinion, we affirm.

On January 26, 2013, two police officers stopped defendant's vehicle because it appeared to be exceeding the speed limit and had started fishtailing in icy and snowy conditions. A gun was discovered and removed from defendant's pocket during the traffic stop. After defendant was taken into custody and transported to a police precinct, a bag of oxycodone pills was found under the seat of the police vehicle where defendant had been seated. Defendant was charged with possession with intent to deliver oxycodone, MCL 333.7401(2)(b)(*ii*), felony-firearm, and CCW. The felony-firearm charge was predicated on defendant's possession of a firearm during the commission of the drug offense. At trial, the jury was instructed on possession with intent to deliver oxycodone and the lesser included offense of possession of oxycodone. The jury acquitted defendant of the drug charge, but convicted him of felony-firearm and CCW.

Defendant argues on appeal that he was improperly convicted of felony-firearm and that reversal is required because the jury essentially reached inconsistent verdicts by acquitting him of the drug offense, but convicting him of felony-firearm.

The trial court instructed the jury that the first element of felony-firearm is that:

the defendant committed or attempted to commit the crime of possession with the intent to deliver oxycodone, or possession of oxycodone, which has been defined

-1-

for you. It is not necessary, however, [that] the defendant be convicted of either of those crimes.

This instruction was not erroneous. In *People v Lewis*, 415 Mich 443, 454-455; 330 NW2d 16 (1982), our Supreme Court held that "[w]hile the felony-firearm statute makes commission or the attempt to commit a felony an element of the offense of felony-firearm, it does not make conviction of a felony or of an attempt to commit a felony an element of the offense."[1]

Even assuming that the jury reached inconsistent verdicts, the inconsistency does not invalidate the felony-firearm conviction. As our Supreme Court observed in *Lewis*, when a jury responds to multiple charges, lawyers and judges often attempt to reconcile the verdicts to find some rational compatibility. *Id*. at 450. But unlike a judge, juries are not held to any rules of logic and are not required to explain their decisions. *People v Wilson*, 496 Mich 91, 100-101; 852 NW2d 134 (2014). An element of this power is the jury's capacity to exercise leniency to release a defendant from some consequences of his acts without absolving him of all responsibility. *People v Vaughn,* 409 Mich 463, 466; 295 NW2d 354 (1980). An inconsistent verdict may also be the product of compromise or a mistake on the part of the jury. *Wilson*, 496 Mich at 100. But because a court cannot know how a jury reaches its conclusion, and a jury's verdict cannot be upset by speculation or inquiry into such matters, inconsistent verdicts are permissible. *Id.* at 100-101. Absent some showing that the jury was confused, misunderstood jury instructions, or engaged in impermissible compromise, a defendant is not entitled to reversal of a conviction. *People v Putman*, 309 Mich App 240, 251; 870 NW2d 593 (2015).

Defendant's request for reversal is predicated in part on his claim that the jury misunderstood that the felony-firearm conviction could not be based on the CCW charge. The record does not support this claim. Although the trial court did not expressly state that CCW could not form the basis for a felony-firearm conviction, it instructed the jury that a conviction for felony-firearm required proof that defendant "committed or attempted to commit the crime of possession with the intent to deliver oxycodone, or possession of oxycodone, which has been defined for you." Because the court's instruction made it clear which felonies could form the basis for a felony-firearm conviction, there was no error. *People v Bonham*, 182 Mich App 130, 136; 451 NW2d 530 (1989).

We also reject defendant's argument that the trial court's supplemental instructions, which were provided in response to a jury note during deliberations, misled the jury into believing that the CCW charge could be used to find him guilty of felony-firearm. The jury's note asked, "Do we need to find the defendant guilty of Count 1 to find him guilty on Count 2?" The trial court reinstructed the jury that to prove the felony-firearm charge, the prosecution was required to prove beyond a reasonable doubt "that the defendant committed or attempted to

---

[1] We recognize that the decision in *Lewis* was based upon an analysis unlikely to presently find favor with the Supreme Court. Justice Levin's analysis did not flow from the plain text of the statute, but rather, in his words, from "the spirit of the legislative purpose." *Lewis*, 415 Mich at 453-454. We remain bound by that decision, however, and it is for the Supreme Court to determine whether the issue should be revisited.

commit the crime of possession with the intent to deliver Oxycodone, or possession of Oxycodone which has been defined for you." The court further instructed the jury that "[i]t is not necessary, however, that the defendant be convicted of that crime." Because the jury did not ask whether the CCW charge could form the basis for a felony-firearm conviction, the trial court did not err by failing to expressly state that in its supplemental instruction. See *People v Parker*, 230 Mich App 677, 681; 584 NW2d 753 (1998). And because the supplemental instruction referred solely to the drug charge as the offense that could form the basis for a felony-firearm conviction, there is no support for defendant's position that the jury may have misunderstood that it could use the CCW charge to find him guilty of felony-firearm.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro